UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNY B., | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:21-cv-00143-NT |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the May 19, 2020, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease and obesity. (R. 19.) The ALJ further found that despite Plaintiff's impairments, Plaintiff has the residual functional capacity (RFC) to perform light work except that Plaintiff must change position for three-to-five minutes each hour; she can frequently climb ramps or stairs, but only occasionally balance, stoop, kneel, crouch, or crawl; she cannot climb ladders or ropes, and must avoid unprotected heights and slippery surfaces. (R. 20-21.) Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of gluer, hand trimmer, and inspector hand packager. (R. 25-26.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to

experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating the expert medical opinions when he assessed Plaintiff's RFC. Citing the Supreme Court's decisions in *Seila Law, LLC v. Consumer Fin. Protection Bureau*, 140 S. Ct. 2183 (2020), and *Collins v. Yellen*, 141 S. Ct. 1761 (2021), Plaintiff also argues that the ALJ's decision is constitutionally invalid because the Social Security Act limits the President's authority to remove the Commissioner of Social Security without good cause, violating the separation of powers doctrine.

### A. Opinion Evidence

Plaintiff contends the ALJ erred when he found the opinion of one of Plaintiff's treating providers, Erica Pike, FNP, unpersuasive, and when he found the opinions of state agency medical consultants Donald Trumbull, M.D., and Archibald Green, D.O., persuasive.

FNP Pike opined that Plaintiff is limited to what the ALJ characterized as "an exertion level of less than sedentary." (R. 24, citing R. 582-86.) FNP Pike found Plaintiff could never lift any amount of weight, twist, crouch, or squat; could only occasionally stoop; was incapable of "even 'low stress' work;" and would be absent from work more than four days per month.[2] (R. 582-86.)

---

[2] FNP Pike diagnosed Plaintiff with compression fracture, degenerative disc disease, scoliosis, and spina bifida occulta. (R. 582.) She lists Plaintiff's symptoms as headaches with nausea, muscle aches and weakness, joint pain in Plaintiff's neck and thoracic and cervical spine, with numbness/tingling and fatigue, and identifies kyphosis (curvature of the spine) and thoracic spine tenderness to palpation as the clinical findings and objective signs supporting her opinion. (*Id.*)

The ALJ concluded FNP Pike's opinion was unpersuasive as it was not supported by the evidence.  The ALJ noted that although Plaintiff was limited by her spinal impairment, the medical record did not reflect Plaintiff's use of any assistive devices,[3] and that various care providers documented Plaintiff's normal and steady gait, full strength in both her upper and lower extremities, almost full range of motion throughout her body, including her neck, arms, legs, and back, no tenderness, intact reflexes and sensation, and, in some physical examinations, no musculoskeletal abnormalities.  (R. 22, 24, citing R. 286, 298, 317, 351, 390, 396, 400, 405, 442, 448-49, 479.)  The ALJ also observed that although Plaintiff testified that she experiences "overwhelm[ing]" pain on a daily basis, medical providers do not consistently document pain behaviors or other abnormalities, but generally describe Plaintiff as alert, oriented, not distressed, with normal mood and affect, and "very pleasant."  (R. 22, 24, citing R. 38, 298-99, 317, 360, 362, 365, 390, 395, 400, 405, 442-43, 455, 459, 468, 479, 544, 547, 559.)

The ALJ further determined that FNP Pike's lifting restrictions were unsupported by the record, and in the context of his assessment of Plaintiff's activities of daily living, found that Plaintiff is "far more functional" than asserted, citing as an example Plaintiff's treatment at an emergency room for shoulder "overuse" during her family's move.  (R. 23, citing R. 544-48.)  As additional support of his assessment, the ALJ cited the lack of evidence of intensive treatment, such as surgical intervention or injections, for Plaintiff's

---

[3] Although Plaintiff testified at hearing that she occasionally uses a cane or walker (R. 44), the ALJ noted that Plaintiff's medical records lacked any evidence to support the assertion.  (R. 22.)  Moreover, FNP Pike found that Plaintiff did not require a cane or other hand-held assistive device.  (R. 584.)

degenerative disc disease, or even more conservative treatments such as physical therapy. (R. 23, 24.)  As to FNP Pike's limiting Plaintiff to a "low stress" working environment, the ALJ observed that given that Plaintiff is not mentally limited (nor does Plaintiff claim to be), FNP Pike's finding of a limitation "further detract[ed]" from the persuasiveness of FNP Pike's opinion.[4]  (R. 24.)

Plaintiff contends that the medical evidence cited by the ALJ cannot reasonably sustain his conclusion in part because the ALJ derived the evidence from medical records generated for treatment of unrelated conditions.  That is, Plaintiff argues that the medical records cited by the ALJ do not include any "physical functional testing," and the observations of many of the providers regarding Plaintiff's gait, range of motion, strength and musculoskeletal status were not made as part of an evaluation of Plaintiff's back pain, but rather in the context of a cardiology appointment (R. 314-18, 349-51, 360-63, 438-43, 445-50), treatment of Plaintiff's migraines (456-59), or visits to the emergency room for an unrelated ailment. (R. 297-300, 544-48, 556-60).  (Statement of Errors at 7-9, ECF No. 15.)  Plaintiff also maintains that the medical record, including a note generated during a hospital visit for chest pain, reflects Plaintiff experienced moderate pain and painful range of motion in her lumbar spine.  (SOE at 11, citing R. 285-88.)

Plaintiff's argument is unconvincing.  Plaintiff cites no authority to support her suggestion that medical information provided in connection with or generated as the result

---

[4] The ALJ found the opinions of Drs. Trumbull and Green persuasive largely based on the medical and other evidence the ALJ cited in his assessment of FNP Pike's opinions.   (R. 23-24.)

of treatment for a condition other than a severe impairment should be discounted or cannot constitute substantial evidence.  If Plaintiff's suggestion were adopted, examining and reviewing consultants would presumably be required to consider only the records generated as the result of treatment of the alleged severe impairment.  Neither the regulations nor decisions in this District support the adoption or application of such a rule. *See, e.g.*, 404 C.F.R. § 416.920(a)(3) (Defendant "will consider *all* evidence in your case record when … mak[ing] a determination or decision whether you are disabled.") (emphasis added).

The record reveals that the medical experts disagree on the extent of Plaintiff's impairment. The "resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts." *Rodriguez*, 647 F.2d at 222; *see also Malaney v. Berryhill*, No. 2:16-cv-00404, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (*aff'd*, July 11, 2017), *aff'd*, 2019 WL 2222474 (1st Cir. 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.")  Here, the ALJ reasonably and supportably explained the reasons he found the FNP Pike's opinions to be unpersuasive and why the opinions of the state agency consultants were persuasive.  The ALJ did not err.

**B.  Separation of Powers**

Plaintiff argues that the removal provision of the Social Security Independence and Program Improvements Act of 1994 (Act) violates the separation of powers doctrine and, therefore, is unconstitutional.  Under the Act, the Commissioner is appointed for a term of six years and may only be removed from office "pursuant to a finding by the President of

6

neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). In *Collins* and *Seila Law*, the Supreme Court held that analogous tenure protections violate separation of powers and are therefore unconstitutional. *Collins*, 141 S. Ct. at 1783-87 (statute limiting President's authority to remove Director of the Federal Housing Finance Agency (FHFA) unconstitutional); *Seila Law*, 140 S.Ct. at 2197-2207 (provision of the Dodd-Frank Act restricting removal of the Consumer Financial Protection Bureau's Director unconstitutional).

This Court and courts in other jurisdictions have found the removal protection for the Commissioner of the Social Security Administration (SSA) in § 902(a)(3) is similarly unconstitutional. *Kathy R. v. Kijakazi*, 2:21-cv-00095-JDL, 2022 WL 42916, at *3 (D. Me. Jan. 5, 2022) (*aff'd*, Feb. 24, 2022);; *see also, e.g.*, *Brand v. Kijakazi*, -- F. Supp. 3d. --, 2021 WL 5868131, at *5-6 (D. Nev. Dec. 10, 2021) (collecting cases). Defendant does not argue to the contrary. The constitutional infirmity, however, does not automatically invalidate the ALJ's decision. *Kathy R.*, 2022 WL 42916, at *3; *Scott E. v. Kijakazi*, 1:21-cv-00110-JAW (D. Me. Mar. 6, 2022).

The issue is whether Plaintiff has established a causal link between the adverse action and the unconstitutional tenure-protection provision. *Id.* Given that Plaintiff challenges the ALJ's decision, which is dated May 19, 2020, months before President Biden was elected and took office,[5] Plaintiff has not and cannot demonstrate the required

---

[5] Defendant notes that the ALJ served under a ratification of his appointment by Acting Commissioner Berryhill, who, Defendant argues, was removable at will, citing 42 U.S.C. § 902(b)(4).

7

"nexus between any action by President Biden in removing Commissioner Saul in 2021 and Plaintiff's earlier denial of benefits" by the ALJ in May, 2020. *Brand*, 2021 WL 5868131, at *6.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of March, 2022.